Renea I. Saade, Alaska Bar No. 0911060
rsaade@littler.com
LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

Attorneys for Defendant Club Demonstration Services, Inc.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**CLUB DEMONSTRATION SERVICES, INC.**<br><br>Defendant. | Case No. 1:19-CV-00007-HRH |

## <u>ANSWER</u>

Defendant answers Plaintiff's Complaint by admitting, denying and alleging as follows:

## <u>JURISDICTION AND VENUE</u>

1.    Agreed, however, Defendant denies that Plaintiff has fulfilled its statutory duty to conciliate as required by 42 U.S.C. § 2000e – 5(b), et seq. and *Mach Mining LLC v. EEOC*, 135 S. Ct. 1645 (2015). Accordingly, Defendant denies that this Court has subject matter jurisdiction over all of the Plaintiff's causes of action and claims for relief and reserves the right to seek a stay of this litigation, the appointment of a settlement

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

conference judge, or other relief from this Court in order to address the Plaintiff's statutory duty to conciliate on all causes of action and claims for relief.

2.     Admitted, however, Defendant denies that any of the employment practices at issue in this case were unlawful.

3.     Admitted.

4.     Admitted, however, to the extent the allegations of paragraph 4 of the Complaint attempts to assert that Defendant has employed more than 500 employees in Juneau, Alaska in 2017, said allegation is denied.

5.     Admitted.

6.     Admitted.

7.     Defendant admits that Terry R. Baker filed a charge of discrimination with the EEOC on or about November 15, 2017 ("Charge") and that the Charge speaks for itself.

8.     Defendant admits that the EEOC issued a letter determination on December 20, 2018 regarding the Charge and that the letter speaks for itself.  Defendant denies that the EEOC extended a genuine or sufficient invitation to conciliate.

9.     Defendant admits that the EEOC engaged in limited communications with the Defendant regarding the December 20, 2018 letter determination and the EEOC's position regarding possible conciliation terms but Defendant denies that the EEOC engaged in said communications in an effort to provide Defendant with an opportunity to resolve any legitimate concerns held by the EEOC and/or to achieve appropriate relief for said concerns.

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

10.     Defendant admits that the parties have not reached an agreement on conciliation terms but denies the allegations of paragraph 10 of the Complaint to the extent they attempt to allege that the lack of failure is due to Defendant and/or that the Plaintiff has adequately advised the Plaintiff its position on all terms of relief sought in this litigation.

11.     Defendant admits that the EEOC issued a letter dated March 18, 2019 and that the letter speaks for itself.  Defendant denies the allegations of paragraph 11 of the Complaint to the extent they attempt to allege that further conciliation efforts would be futile or non-productive.

12.     Denied.  Plaintiff has not met its statutory duty to conciliate as required by 42 U.S.C. § 2000e – 5(b), et seq. and *Mach Mining LLC v. EEOC*, 135 S. Ct. 1645 (2015).

13.     Denied.  Defendant maintains that it reasonably accommodated Plaintiff from June 2017 – September 2017 and that the accommodations extended to her were adequately addressing her stated needs until Plaintiff (without advance notice or reviving the interactive process) produced a note from her doctor dated September 19, 2017 announcing that Ms. Baker  could no longer perform her work duties and resigned.

14.     Defendant is without sufficient knowledge to admit or deny the allegations of paragraph 14 (a) – (c) and (e) of the Complaint.  Defendant admits that the allegations of paragraph 14 (d) generally describe the essential job functions of a part-time Sales Advisor, however, the job description for the position more accurately states the actual job duties and functions.

15.     Defendant admits that Terry R. Baker most recently began working for Defendant on or about May 23, 2016 at the Costco Warehouse (known as location #107) in Juneau, Alaska.  Defendant also admits that Ms. Baker was previously employed from February 3 – 9, 2016.

16.     Defendant is without adequate personal knowledge to admit or deny the allegations of paragraph 16 of the Complaint.

17.     Denied.

18.     Admitted.

19.     Admitted.

20.     Defendant admits that it provided Ms. Baker with a letter response to her June 14, 2017 doctor's note and that the letter speaks for itself.  To the extent paragraph 20 of the Complaint alleges that was the Defendant's only response to the doctor's note, said allegation is denied.

21.     Denied.  Defendant engaged in an interactive process with Ms. Baker immediately after receiving her first request for an accommodation in June 2017 and continued to interact with her thereafter to ensure the accommodations in place were adequately meeting her needs.  The interactive process only ended when Ms. Baker voluntarily resigned in September 2017.  At the time of her resignation, CDS remained willing to continue the parties' interactive efforts.

22.     Denied.

23.     Denied.

24.     Denied.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

25.     Denied.

26.     Denied.

27.     Defendant admits that in July 2017, Ms. Baker inquired about taking a restroom break every two (2) hours but is without sufficient knowledge to admit or deny the remaining allegations.

28.     Denied.

29.     Defendant admits that Ms. Baker submitted a note dated July 14, 2017 and that said note speaks for itself.  To the extent that the allegations of paragraph 29 of the Complaint allege that the note was somehow not welcome by the Defendant and/or that the Defendant was not engaged in an ongoing interactive process with Ms. Baker, those allegations are denied.

30.     Defendant admits that it sent Ms. Baker an email on or about July 27, 2017 and that said email speaks for itself.  Defendant denies that it told Ms. Baker it would not accommodate her.

31.     Defendant admits that around the end of July and/or early August 2017, Defendant and Ms. Baker agreed that providing her the first break available, which gave her a break approximately every two hours, would be a reasonable accommodation and that Ms. Baker advised Defendant that this agreed upon reasonable accommodation would adequately address her needs.

32.     Denied.

33.     Denied.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

34.     Defendant is without sufficient personal knowledge to admit or deny the allegations of paragraph 34 of Complaint and denies the inference that it somehow was advised that the accommodation in place was not sufficient.

35.     Defendant is without sufficient personal knowledge to admit or deny what Ms. Baker believed, however, Defendant denies that any conclusion by her that ongoing interaction would be futile.

36.     Denied.

37.     Denied.

38.     Defendant admits that Ms. Baker submitted a doctor's note dated September 19, 2017 (which said note speaks for itself) and that Ms. Baker resigned. Defendant denies the remaining allegations of paragraph 38 of the Complaint.

39.     Denied.

40.     Defendant admits that Ms. Baker's employment ended effective September 24, 2017 but denies that Defendant terminated her employment.  Ms. Baker's employment was terminated due to her voluntary resignation.

41.     Defendant admits that Ms. Baker emailed Defendant on September 28, 2017 requesting to apply for medical leave and that Ms. Baker had previously been offered the opportunity to request a leave of absence during the parties' interactive process but denies the suggestion by paragraph 41 of the Complaint that Ms. Baker was eligible for medical leave *after* her voluntary resignation had already been accepted and processed.

42.     Denied.

43.     Denied.

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

<u>AFFIRMATIVE DEFENSES</u>

1.      Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

2.      Plaintiff has failed to fulfill its statutory obligation to conciliate on all causes of action and claims for relief prior to commencing litigation as required by 42 U.S.C. § 2000e – 5(b), et seq. and *Mach Mining LLC v. EEOC*, 135 S. Ct. 1645 (2015).

3.      As a result of the Plaintiff's failure to conciliate, this Court lacks subject matter jurisdiction on all of the Plaintiff's causes of action and claims for relief and/or Plaintiff's causes of action and claims are otherwise barred as a result of said failure.

4.      Insofar as Plaintiff seeks recovery against the Defendant based on any alleged claims that are barred by the applicable statute of limitations, the applicable contractual limitations period, or other timeliness requirements, said claims should be dismissed.

5.      To the extent Plaintiff seeks to pursue claim(s) not included in Ms. Baker's Charge, said claim(s) should be dismissed.

6.      Some or all of the Plaintiff's claims are barred by the failure to exhaust administrative and other non-litigation remedies available to Ms. Baker and/or the Plaintiff so that the parties can have a meaningful and cost efficient opportunity to resolve their dispute.

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

7.      Plaintiff's Complaint is barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any purported discriminatory or retaliatory conduct and because Ms. Baker unreasonably failed to properly take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid her alleged harm.

8.      Plaintiff's complaint is barred, in whole or in part, because Defendant reasonably evaluated and responded to all requests for accommodation and/or concerns raised and reached reasonable conclusions on the same based upon the information gathered at the time.

9.      Plaintiff's claims are barred by res judicata, waiver, estoppel, unclean hands, or other equitable doctrines.

10.     Some or all of Plaintiff's claims are barred, limited, and/or offset by relief Ms. Baker has already received.

11.     Ms. Baker was an at-will employee and the actions of which Plaintiff complains are privileged acts of an employer and do not constitute a basis for legal action.

12.     In the event that any of the allegations of unlawful conduct contained in Plaintiff's Complaint are found to have merit, any conduct on the part of the Defendant was not "intentional", "willful" or in "reckless disregard" for the law or Ms. Baker's legal rights.

13.     Defendant acted in good faith, and a reasonable and prudent manner and, therefore, is shielded from liability as provided for under, among other doctrines, the best judgment rule.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

14.     All of the Defendant's actions toward Plaintiff were motivated and justified by legitimate non-discriminatory business reasons, based on bona fide occupational qualification reasons, in the interest of complying with its contractual obligations to its customer (Costco) and/or other bona fide and good faith efforts to comply with internal policies and procedures.

15.     Even if the Plaintiff is able to prove that a prohibited factor motivated the Defendant's alleged employment action, which the Defendant expressly denies, the same action would have been taken even absent such motivation and, therefore, the Plaintiff's claims must fail.

16.     All standards used by Defendant are job related and consistent with business necessity.

17.     Ms. Baker was never deprived any legal protection, privilege, immunity or other legal right or privilege of U.S. Citizens and/or that she was entitled to under applicable law.

18.     Plaintiff's claims are cumulative and there are other remedies available that sufficiently protect its stated interests.

19.     Plaintiff's alleged damages for Ms. Baker are speculative.

20.     To the extent Ms. Baker has sustained any damage, as alleged, to be alleged, or otherwise, then in that event, said damage was proximately caused or contributed by her own conduct or the conduct of a third-party for whom Defendant is not legally responsible.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

21.     Ms. Baker has failed to mitigate her alleged damages, if any, and is therefore, barred from recovering any amount claimed and/or her recovery must, at least, be reduced by her failure to mitigate.

22.     To the extent Plaintiff (or Ms. Baker) is awarded any relief, such award must be set-off by the amount of damages Plaintiff's failure to comply with its statutory obligation and/or other wrongful conduct has caused the Defendant.

23.     If Defendant acquires evidence about Ms. Baker that would have resulted in her termination or discipline had her employer timely known, she is not entitled to damages and/or equitable relief based upon this after acquired evidence, should Plaintiff prevail.

24.     This action is frivolous, unreasonable, and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

25.     The injunctive relief sought by the Plaintiff in this case is unduly vague and meritless.

26.     Defendant reserves the right to assert additional defenses.

WHEREFORE, Defendant respectfully requests the following relief:

1.     That neither the Plaintiff nor Ms. Baker be awarded any relief and that the Plaintiff's Complaint be dismissed with prejudice;

2.     That Defendant be awarded all costs and reasonable attorneys' fees incurred in defense against Plaintiff's claims; and

For such further relief as the Court deems just and proper

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

Dated this 31st day of July, 2019.

LITTLER MENDELSON
Attorneys for Defendant Club Demonstration Services, Inc.

By: _/s/ Renea I. Saade_
Renea I. Saade
Alaska Bar 0911060

CERTIFICATE OF SERVICE:

I hereby certify that on the 31st day of
July, 2019, a true and correct copy
of the foregoing document was served on:

Roberta Steele
John F. Stanley
Amos B. Blackman

By ☐ Hand ☐ Mail ☐ Fax ☐ Email
☑ Court's ECF filing system

_/s/ Nancy Murphy Kruse_
Nancy Murphy Kruse
Legal Assistant

FIRMWIDE:165773587.1 097919.1021

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215